IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   ETHICON, INC.
         PELVIC REPAIR SYSTEMS
         PRODUCT LIABILITY LITIGATION                MDL No. 2327

THIS DOCUMENT RELATES TO:

*Jeannean Heber, et al. v. Ethicon, Inc., et al.*    Civil Action No. 2:12-cv-03240

MEMORANDUM OPINION & ORDER

Pending before the court is the defendants' Motion to Dismiss or for Other Relief [ECF No. 20] filed on January 7, 2017. The plaintiffs failed to timely respond. The matter is now ripe for decision. For the following reasons, the defendants' Motion is **GRANTED**.

I.   BACKGROUND

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, approximately 28,000 of which are in this MDL, which involves defendants Johnson & Johnson and Ethicon, Inc. (collectively "Ethicon"), among others.

Ethicon initially served a notice of deposition to depose Ms. Heber on December 2, 2016. Mot. Dismiss Ex. B, at 3:8–4:8 [ECF No. 20-2]. Working with the plaintiffs, the defendants amended the date of that deposition several times before ultimately

settling on a January 6, 2017, deposition date. *Id.* Three days prior to the deposition, the plaintiffs informed the defendants that they wished to dismiss the case without prejudice. *See* Mot. Dismiss Ex. A [ECF No. 20-1]. The defendants did not acquiesce to this dismissal, desiring dismissal with prejudice. *Id.* Unable to come to an agreement, the defendants informed the plaintiffs they would proceed with the deposition as noticed. *Id.* However, on January 6, 2017, Ms. Heber did not appear for her deposition. Mot. Dismiss Ex. B, at 3:8–4:8. The defendants now move to dismiss the case based upon Ms. Heber's failure to attend the properly noticed deposition.

## II.   LEGAL STANDARD

Rule 37(d)(1) of the Federal Rules of Civil Procedure permits me to sanction a party who fails to show up for a properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A). Permissible sanctions for failing to attend a deposition include dismissal of the action. Fed. R. Civ. P. 37(d)(3). Where dismissal is a potential sanction, courts have narrower discretion because "the district court's desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503 (4th Cir. 1977)); *see also Viswanathan v. Scotland Cty. Bd. of Educ.*, 165 F.R.D. 50, 53 (M.D.N.C. 1995), *aff'd*, 76 F.3d 377 (4th Cir. 1996) (applying the *Wilson* factors where a plaintiff failed to attend his own deposition). To determine whether dismissal is warranted, courts must consider "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which

2

necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Richards & Assocs., Inc.*, 872 F.2d at 92 (4th Cir. 1989).

The realities of multidistrict litigation and the unique problems an MDL judge faces weigh heavy when balancing the four factors. Specifically, when handling seven MDLs, each containing thousands of individual cases, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"); H.R. Rep. No. 90-1130, at 1 (1967), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901 (stating that the purpose of establishing MDLs is to "assure the uniform and expeditious treatment" of the included cases). I must define rules for discovery and then strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See Phenylpropanolamine*, 460 F.3d. at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with

these procedures thereafter. *In re Phenylpropanolamine*, 460 F.3d at 1232; *see also* Fed. R. Civ. P. 1. Pretrial orders—and the parties' compliance with those orders and the deadlines set forth therein—"are the engine that drives disposition on the merits." *In re Phenylpropanolamine*, 460 F.3d at 1232. And a "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

### III.  DISCUSSION

Here, it is unclear whether the plaintiffs acted in bad faith; however, the other factors weigh heavily against the plaintiffs. First, Ms. Heber's deposition is of utmost importance to the defendants' case because it is she who was implanted with the mesh at issue in this case and who bears the burden of proof. Second, as I have stressed before, MDLs exist to facilitate efficiency in voluminous matters—efficient discovery is vital. When parties fail to comply with discovery deadlines, a domino effect develops, resulting in the disruption of other MDL cases. Parties must not be permitted to disregard discovery and thereby disrupt MDL cases. Dismissal discourages the disregard illustrated in this case. Finally, I do not believe that less drastic sanctions are adequate in this situation. Lesser sanctions cannot give the defendants back the preparation time they lost in this case and appear especially

unhelpful where the plaintiffs failed to respond the defendants' Motion.[1]

## IV. CONCLUSION

For the foregoing reasons, the court **ORDERS** that the defendants' Motion to Dismiss or for Other Relief [ECF No. 20] is **GRANTED** and that the plaintiffs' case is **DISMISSED with prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 13, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[1] The defendants also argue that I should dismiss the case because the plaintiffs did not timely produce medical authorizations. Because I determine that Ms. Heber's failure to attend the deposition is sufficient to invoke dismissal, I need not address that issue.